UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHELL SLUYTER,

        Plaintiff,

v.                                     Case No.  1:24-cv-789

COMMISSIONER OF SOCIAL          Hon. Jane M. Beckering
SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff filed this action to contest an Administrative Law Judge's (ALJ's) decision denying benefits.  The Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  *See* Judgment (ECF No. 11).  This matter is before the Court on two motions filed by plaintiff.  First, plaintiff's motion brought pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") for attorney fees in the amount of $4,340.70 and a filing fee in the amount of $405.00 for a total amount of $4,745.70 (ECF No. 12).  Second, plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1)(A) (ECF No. 14).  The motions are unopposed.

      **I.**        **Discussion**

      **A.**        **EAJA fee**

The EAJA provides in relevant part that  "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States  . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C.

1

§ 2412(d).  The "fees and other expenses" authorized by the EAJA include reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).  Eligibility for a fee award in a civil action "requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust." *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).  Here, plaintiff has met the elements to be eligible for an EAJA award, *i.e.*, plaintiff is the prevailing party, the government does not contest plaintiff's contention that its position was not "substantially justified," and no special circumstances exist in this case to make an award unjust.  *Marshall*, 444 F.3d at 840.

The next step is to determine the amount of reasonable attorney fees to be awarded in this case.  The EAJA provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff seeks attorney fees at the rate of $204.75 per hour.  For reasons discussed in past orders, this Court has determined that this is an appropriate hourly rate for Social Security Appeals in this District.  "Once a court makes the threshold determination that a party is eligible for EAJA fees, it looks to the lodestar amount as a starting point for calculating a reasonable fee award." *Minor v. Commissioner of Social Security*, 826 F.3d 878, 881 (6th Cir. 2016).  "The lodestar—used to calculate attorney fees under a variety of different statutes—is the product of the number of hours billed and a reasonable hourly rate." *Id*. (internal quotation marks omitted). The time spent by plaintiff's counsel (21.2 hours) falls within the range of time typically spent on

2

Social Security Appeals.[1]  In addition, the record supports an award of attorney fees in the amount of $4,340.70 (21.2 hours x $204.75) and costs in the amount of $405.00 for the filing fee.  *See* PageID.737-738. Based on this record, the requested fees and costs are reasonable.  Accordingly, plaintiff should be awarded the requested fees in the amount of $4,340.70 and costs in the amount of $405.00, for a total award of $4,745.70.

### B.    42 U.S.C. § 406(b)(1)(A) fee

Attorney fee awards in social security cases brought in this Court are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

An attorney fee award under § 406(b)(1)(A) is appropriate because the Commissioner awarded plaintiff past-due benefits on remand.  *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006).  While the Social Security Administration ("SSA") typically withholds 25% of the past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed in the administrative agency and for work performed in the Federal Court.  *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994) ("each tribunal may award fees only for the work done before it").

The issue before the Court is whether counsel's requested fee is reasonable under § 406(b)(1)(A).  The Notice of Award does not set out all of the agency's calculations.  The Notice

---

[1] *See Flamboe v. Commissioner of Social Security*, No. 1:12-cv-606, 2013 WL 1914546 at *2 (W.D. Mich. May 8, 2013) ("[a]lthough exceptions exist and each case is examined on its own merits, 40 hours generally marks the 'outer limits' of a reasonable expenditure of time on this type of case").

shows that plaintiff received past due benefits of $71,050.00.  *See* Notice of Award (ECF No. 15, PageID.747).[2]  While the total amount withheld from the past due benefits to pay plaintiff's counsel (25%) should have been $17,762.50, the Notice of Award states that only $9,200.00 was withheld to pay the representative (PageID.747).  Based on plaintiff's motion, it appears that the $9,200.00 was the amount paid to the attorney who handled the matter at the agency level (PagerID.741).[3]  Regardless of the agency's failure to state the appropriate figures in the Notice of Award, plaintiff's counsel is entitled to the balance of 25% of past due benefits or $8,562.50. This is the amount requested by counsel.

In determining the reasonableness of fees under § 406(b), the starting point is the contingent fee agreement between the claimant and counsel.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Here, plaintiff executed a contingent fee contract in which he agreed to pay counsel a fee of 25% of the past-due benefits awarded to him.  *See* Fee Agreement (ECF No. 16).

In evaluating fees under §406(b), there is "a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract unless 1) the attorney engaged in improper conduct or was ineffective, or 2) the attorney would enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990).

---

[2] The Notice of Award refers to plaintiff as "Mitchelle R. Sluyter" (PageID.745).  While Attorney James Rinck represented plaintiff in the federal court proceedings, the Notice was sent to "Gary T. Neal Atty for Mitchell R. Sluyter" (PageID.751).  It appears that Attorney Neal represented plaintiff in the administrative proceedings.  *See* Hearing Trans. (PageID.40); Fee Agreement (PageID.95).

[3] Defendant's counsel filed a response which acknowledged that the agency should have withheld $17,762.50. Defendant's Response (ECF No. 20, PageID.762).  However, counsel does not address the error in a meaningful manner or propose how to address this error.  Rather, defendant points out that there is an Agency POMS which "describes what occurs when the agency does not withhold the full 25%" and invites the Court to explore the agency's website.  *Id*.

With respect to the first consideration, there is no suggestion that plaintiff's counsel engaged in improper conduct or was ineffective.  On the contrary, plaintiff's counsel secured a favorable result with substantial past due benefits.  With respect to the second consideration, the Court must determine whether the requested fee will result in an undeserved windfall to counsel.

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.  We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts.  Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422 (footnotes omitted).  "In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id.*

Here, plaintiff's counsel supported his claim with a document showing 22.20 hours of professional time billed in the federal courts for this matter (PageID.744).[4]  The Court has considered an hourly rate of $204.75 as reasonable in Social Security Appeals.  This rate establishes a *Hayes* "floor" of $409.50 per hour.  Here, counsel's hypothetical hourly rate of $385.70 ($8,562.50 / 22.20 hours) is *per se* reasonable.[5]  Accordingly, plaintiff's motion for attorney fees in the amount of $8,562.50 should be granted.

Finally, counsel will need to refund the amount of the EAJA fee award ($4,340.70) to plaintiff.  *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social

---

[4] The Court notes that plaintiff included an additional 1.0 hour for filing the fee petition.  PageID.744.

[5] The Court notes that plaintiff explicitly approved of the requested fee of $8,562.50.  *See* Letter (ECF No. 19).

Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

## II.    RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's motion for fees and costs pursuant to the EAJA (ECF No. 12) be **GRANTED** and that defendant pay plaintiff attorney fees in the amount of $4,340.70 and costs in the amount of $405.00, for a total award of **$4,745.70**.

I further recommend that plaintiff's motion for fees pursuant to § 406(b)(1)(A) (ECF No. 14) be **GRANTED** and that defendant pay plaintiff attorney fees in the amount of **$8,562.50**.  After receiving this fee, Counsel is directed to refund the amount of the EAJA fee (**$4,340.70**) to plaintiff.

Dated:  <u>April 2, 2026</u>                      <u>/s/ Ray Kent</u>
                                         RAY KENT
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).